# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR NORRIS; MICHAEL G. DODDER; AUSTIN L. FOWERS; MICHAEL NIGHSWONGERK; CHRISTIE M. EVERTON; SHERRY ALEXANDER-MAYS; ROBIN L. MAYS; QUINTON R. TANNER; and PEGGY B. TANNER,<br><br>              Plaintiffs,<br><br>   vs.<br><br>ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP; MCKESSON CORPORATION,<br><br>              Defendants. | CASE NO. 12cv0836 JM(BLM)<br><br>ORDER GRANTING MOTION TO REMAND |

Pursuant to 28 U.S.C. §1447(c), Plaintiffs move to remand their products liability action to state court. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") oppose the motion to remand and separately move to dismiss the complaint for failure to state a claim, to change venue, and to sever and transfer the claims of the individual Plaintiffs. Defendant McKesson Corporation ("McKesson") has not responded to the motions; and Plaintiffs oppose AstraZeneca's motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to remand and denies all other motions as moot. The Clerk of Court is instructed to remand this action to state court.

/ / /

**BACKGROUND**

On March 19, 2012, Plaintiffs commenced this products liability action in the Superior Court for the County of Imperial, alleging seven causes of action for (1) strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment; and (7) loss of consortium. The nine Plaintiffs are alleged residents and citizens of either California, Nevada, Utah, and Washington. (Compl. ¶¶1-7). AstraZeneca LP and AstraZeneca Pharmaceuticals LP are business entities domiciled in the State of Delaware with their principal place of business in that state. (Comp. 8). McKesson is incorporated in the State of Delaware with its principal place of business in California. (Compl. ¶9).

In broad brush, Plaintiffs allege that AstraZeneca manufactured Crestor, a cholesterol lowering medication, and McKesson distributed the drug to Plaintiffs. (Compl. ¶¶ 19-24). Plaintiffs allege that "Crestor has been linked to such serious side effects as cardiomyopathy, heart attacks, heart muscle deterioration, sudden cardiac death, rhabdomyolysis (muscle deterioration), kidney and liver damage, and diabetes." Id. Plaintiffs further allege that "Defendants did act together to design, sell, advertise, manufacture and/or distribute Crestor, with full knowledge of its dangerous and defective nature," and that Plaintiffs suffered cognizable injuries. (Compl. ¶14).

On April 5, 2012 Defendants removed the action, alleging both diversity and federal question jurisdiction. (Ct. Dkt. 1). In order to assert diversity jurisdiction, Defendants contend that McKesson was fraudulently joined to defeat federal jurisdiction.
Plaintiffs now move to remand the action and to stay all proceedings pending resolution of the motion to remand, and Defendants to dismiss certain claims, to change venue, and to transfer and sever. All motions are opposed.

**DISCUSSION**

<u>Diversity Jurisdiction</u>

A civil action brought in state court may be removed to federal court by a defendant when federal courts have original jurisdiction over the matter. 28 U.S.C. § 1441. Where jurisdiction is based upon diversity of citizenship, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored, for purposes of determining diversity "[i]f the plaintiff

1  fails to state a cause of action against a resident defendant, and the failure is obvious according to the
2  settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987);
3  Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203,1206 (9th Cir. 2007). "[T]he question
4  is simply whether there is any possibility that plaintiff will be able to establish liability against the
5  party in question." Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1296 (C.D. Cal. 2000). The
6  party who invokes federal removal jurisdiction has the burden of demonstrating the existence of
7  federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller
8  Brewing Co., 663 F.2d 545 (5th Cir. 1981). In determining whether joinder is fraudulent, the court
9  considers the complaint, facts identified in the Notice of Removal and any pertinent affidavits or
10 declarations submitted by the removing party or in rebuttal. See Ritchey v. Upjohn Drug Co., 139
11 F.3d 1313, 1318 (9th Cir. 1998). Any doubts regarding removal jurisdiction are construed against
12 removal and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566.

13  AstraZeneca contends that McKesson is not a proper party because (1) there is no liability for
14 distributors of pharmaceuticals and (2) there is no support for Plaintiffs' allegation that McKesson
15 actually distributed the drug at issue to Plaintiffs. Neither argument is persuasive. Virtually every
16 court that has considered the issue now before the court has concluded that California state law
17 recognizes a products liability claim against a distributor. The general rule in California is that both
18 manufacturers and distributors are strictly liable for injuries caused by a defective product. Maher v.
19 Novartis Pharmaceuticals Corp., 2007 U.S. Dist Lexis 58984 at *7-8 (citing Bostick v. Flex
20 Equipment Co., 147 Cal.App.4th 80, 88 (2007)); Black v. Merck & Co. Inc., U.S. District LEXIS
21 29860 at*10 (C.D. Cal. 2004) (strict liability for failure to warn extends beyond manufacturers to
22 retailers and wholesalers); Andrews v. Bayer Corp., Case No. CV 09-08762 DDP (FFMx); Holland
23 v. Bayer Corp, CASE No. SACV 09-1350 DOC (RNBx) (finding that Bayer fails to demonstrate that
24 McKesson is fraudulently joined); Mandernach v. Bayer Corp, Case No. 5:09-cv-02306 JHN (Opx)
25 (same); Grove v. Bayer Corp, Case No. SADV 09-1509 AG (MLGx).

26  In Maher v. Novartis Pharmaceuticals Corp., No. 07cv0852 WQH (JMA), Judge Hayes granted
27 the plaintiff's motion to remand an action commenced against a pharmaceutical manufacturer and its
28 distributor, McKesson. The court noted the general rule in California that distributors and other

"participants in the chain of distribution" are strictly liable in defective products cases. <u>Bostick v. Flex Equipment Co.</u>, 147 Cal. App.4th 80, 88 (2007). The court then noted:

> This court has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases. This court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations of this case.

LEXIS U.S. Dist., Lexis 58984 at *12. Accordingly, the court concludes that the complaint adequately establishes that a distributor of pharmaceuticals may be liable under California law.

Defendants also argue that Plaintiffs fail to sufficiently allege that McKesson distributed the Crestor allegedly ingested by Plaintiffs. The Complaint alleges, upon information and belief, that "McKesson did distribute the Crestor Plaintiffs ingested, which give rise to the causes of action, and the injuries sustained as a direct and proximate result of such ingestion." (Compl. ¶19). Plaintiffs also come forward with evidence to show that McKesson promotes itself as involved in the risk management, marketing, and distribution controls of the pharmaceuticals it distributes and sells. (Finson Decl. ¶K). AstraZeneca establishes that from November 2008 through the present, Crestor was distributed through 35 different distributors throughout the Untied States. (Callahan Decl. ¶2, Exh. B Notice of Removal). Defendants do not inform the court whether McKesson distributed Crestor in the states of Plaintiffs' residence (California, Nevada, Utah, and Washington) and, if so, the market share of McKesson. As Plaintiffs may not have purchased Crestor from McKesson, AstraZeneca concludes that McKesson is not a proper defendant. Based upon the complaint's allegations, the Notice of Removal, the evidence submitted by the parties and construing the complaint in the light most favorable to the plaintiff, <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996), accepting as true all material undisputed allegations in the complaint, as well as reasonable inferences to be drawn from them, <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992), the court cannot conclude that it is "obvious" that McKesson did not distribute the Crestor ingested by Plaintiffs. Moreover, given the doubts concerning McKesson's role in distributing Crestor to Plaintiffs, any doubts concerning diversity jurisdiction are construed against the exercise of jurisdiction and in favor of remand. <u>Gaus</u>, 980 F.2d at 566.

In sum, the court concludes that AstraZeneca fails to meet its burden to show that McKesson is improperly joined as a party. While discovery in the state court action may ultimately reveal that

McKesson did not distribute the Crestor at issue, the court notes that nothing in this order prevents AstraZeneca from seeking to remove the action in the event there is complete diversity jurisdiction.

Federal Question Jurisdiction

Federal question removal jurisdiction is determined from the face of the complaint as it existed at the time of removal. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (whether a claim arises under federal law is determined by the "well-pleaded complaint rule"). Defendants, as the parties who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. See Gaus. 980 F.2d at 566. Any doubts regarding removal jurisdiction are construed against Defendants and in favor of remanding the case to state court. Id.

In the Notice of Removal, Defendants argue that there is a strong federal interest in resolving Plaintiffs' state law claims, as demonstrated by extensive FDA regulation of product labels and warnings. (Notice of Removal ¶¶28-37). This argument is not persuasive. The district court has original federal question jurisdiction where a state law claim is an "inherently federal claim" articulated in state law terms and "the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1044 (9th Cir. 2003). To determine the existence of a substantial disputed federal question, the court asks whether "the federal question [is] 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible.'" Id. (citations omitted).

Here, Plaintiffs' claims for (1) strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment; and (7) loss of consortium do not implicate the existence of a substantial federal question. These state law claims are not preempted by federal law even if approved for sale by the FDA and potentially implicate the FDA's drug labeling regulations. Wyeth v. Levine, 555 U.S. 555, 570-71 (2009). Accordingly, the court lacks federal question jurisdiction over the action.

/ / /

/ / /

/ / /

1

2   In sum, the court grants the motion to remand, denies all other motions as moot, and instructs

3   the Clerk of Court to close the file.

4   **IT IS SO ORDERED.**

5   DATED: May 30, 2012

6

7   Hon. Jeffrey T. Miller
United States District Judge

8   cc:        All parties